UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIF KING,

                Plaintiff,

-against-

CORRECTION OFFICER WHITE;
CORRECTION CAPTAIN JOHN DOE #1;
CORRECTION CAPTAIN JOHN DOE #2;
JOHN DOE #3; JOHN DOE #4; CITY OF NEW
YORK,

                Defendants.

20-CV-4527 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

    Plaintiff, currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated July 2, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## BACKGROUND

    Named as Defendants in this complaint are the City of New York; New York City Department of Correction (DOC) Emergency Services Unit (ESU) Captains John Doe #1 and John Doe #2; Correction Officer White, assigned to the "Manhattan Court Post" (MPC) at the Manhattan Detention Complex (MDC); Correction Officer John Doe #3, assigned to the MPC at the MDC; and John Doe #4, DOC Chief of Security and Executive Officer of the Operations Security Intelligence Unit, and "thereby the supervisors of " John Does #1 and #2.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff alleges that on November 12, 2019, he was transported from Downstate Correctional Facility to attend a hearing at the Bronx County Supreme Court. Before leaving for court, Plaintiff alerted John Doe #1 that he is "a known epileptic who frequently, even when medicated, suffers grand mal seizures," and that he had not yet gotten his medication that day. Plaintiff requested that John Doe #1 ask about the medication, and secure Plaintiff's seat belt in the transport van so that he would not be injured should he have a seizure. John Doe #1 denied Plaintiff's requests and threatened to "spray" and "drag" Plaintiff if he did not cooperate. Twenty minutes after the van left Downstate, Plaintiff had a grand mal seizure. Another prisoner in the van alerted John Doe #1 about Plaintiff's situation. Although John Doe #1 briefly stopped the van, he did not call for medical attention or assist Plaintiff in any way. Plaintiff sustained injuries to his back, arm, and shoulders and urinated on himself.

The van arrived at MDC at approximately 9:00 a.m. The other defendants ignored Plaintiff's pleas for medical attention and a change of clothing. At 1:35 p.m., after Plaintiff arrived at court, Judge Mark Dwyer ordered that Plaintiff be seen by medical staff.

Plaintiff alleges that on the return trip to Downstate, John Doe #2 also failed to fasten hiss seatbelt. On November 15, 2019, Plaintiff was taken to the hospital for emergency treatment of a "serious injury" to his ear that he claims he sustained on the trip to court on November 12, 2019. Plaintiff asked John Doe #4 to investigate what had happened to him, but nothing was done.

## DISCUSSION

**A.    Order of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Correction Officer White waive service of summons.

**B.    John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction (DOC)to identify Emergency Services Unit (ESU) Captains John Doe #1 and John Doe #2; Correction Officer White, assigned to the "Manhattan Court Post" (MPC) at the Manhattan Detention Complex (MDC); Correction Officer John Doe #3, assigned to the MPC at the MDC; and John Doe #4, DOC Chief of Security and Executive Officer of the Operations Security Intelligence Unit.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DOC, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where each defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

3

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the defendants to waive service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, N.Y. 10007.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants the City of New York and Correction Officer White waive service of summons.

SO ORDERED.

Dated: July 17, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge