UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/20

Sharif King,

    Plaintiff,

–v–

Correction Officer White, *et al.*,

    Defendants.

20-cv-4527 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

  The pro se Plaintiff in this matter, Mr. Sharif King, has filed an ex parte motion for a temporary restraining order. For the reasons that follow, Mr. King's motion is DENIED.

**I. BACKGROUND**

  In his complaint, Mr. King makes the following allegations: He is currently incarcerated at the Great Meadow Correctional Facility in Comstock, New York. Compl. ¶ 1. In November 2019, the Department of Corrections transported Mr. King to a court proceeding in the New York City area. *Id.* ¶¶ 15–16. Before the transport began, Plaintiff informed a corrections officer that he could not be seated in a particular area of the transport vehicle due to his underlying medical conditions. *Id.* ¶ 17. In particular, he is a "known epileptic who frequently, even when medicated, suffer[s] violent grand mal seizures." *Id.* Plaintiff also advised the officer that he had not received his medication and that he would suffer "severe injury or even death" if he was seated, shackled, and handcuffed. *Id.* ¶¶ 21–22. The officer refused Mr. King's request and required him to be seated in the "rear paddy wagon of the vehicle." *Id.* ¶ 22. During the transport, Mr. King suffered from a "violent grand mal seizure accompanied by urinary incontinence." *Id.* ¶¶ 23–24. Despite this and Mr. King's pleas, the officers did not transport

1

him to a hospital or otherwise provide medical assistance. *Id.* 24–25. Similarly, on the return journey, the officers did not accommodate Mr. King's medical concerns. *Id.* ¶¶ 54–55. In the weeks and months that followed, Mr. King experienced lasting physical and mental injuries from these events. *See id.* ¶ 64.

In his Complaint, which the Court liberally construes as seeking relief under 42 U.S.C. § 1983, Mr. King brings claims for violation of the Eighth Amendment. *See id.* ¶ 28. He lists as defendants the City of New York and five Department of Corrections employees, only one of whom he identifies by name. *Id.* ¶¶ 4–8.

About one month after filing his complaint, Mr. King moved "for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure." Dkt. No. 10 at 1. Mr. King averred that defendants were due to transport him within six days, on July 16, 2020, "in the same conditions and unless specifically restrained by this Court," which he alleged would cause him "irreparable injury or even death." *Id.* at 1–2. He asked the Court to enjoin this transport. *Id.*

## II.     LEGAL STANDARD

The standard for an entry of a TRO is the same as for a preliminary injunction. *See, e.g., Echo Design Group, Inc. v. Zino Davidoff S.A.*, 283 F.Supp.2d 963, 966 (S.D.N.Y. 2003); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002) ("The standard for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Procedure are identical."). To obtain a preliminary injunction, a party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of

hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)).

### III.  DISCUSSION

Because the undersigned was outside the District, the Court referred Mr. King's motion for a temporary restraining order to the Judge sitting in Part I, Judge Failla.  Due to the exigency, Judge Failla contacted the facility at which Mr. King is currently incarcerated.  Officials at the facility informed Judge Failla that, contrary to the allegations in his motion, Mr. King was not scheduled to be transported on July 16, 2020.  And on July 17, 2020, the day after the purported transport, Judge Failla again spoke to officials at the facility, and they represented that Mr. King had not been transported on the day before.  To the contrary, the facility represented to Judge Failla that such transports are temporarily suspended due to the COVID-19 pandemic, and there are no plans to transport Mr. King in the near future.

Because the transport that Mr. King sought to enjoin did not occur on July 16, 2020, and that date has now passed, Mr. King's motion for a temporary restraining order is now moot and must be denied for this reason alone.  *See generally Osipova v. New York City Dep't of Health*, No. 02-cv-5072 (LMM), 2002 WL 1836835, at *1 (S.D.N.Y. Aug. 12, 2002) (denying a TRO as moot).  And because no transports of Mr. King are currently scheduled or anticipated, there is nothing further for the Court to address at this time.

In addition, parties seeking a TRO or a preliminary injunction must also comply with Federal Rule of Civil Procedure 65.  *See Parker v. DeBuono*, 2000 WL 223841, at *1 (S.D.N.Y. Feb. 25, 2000) ("Even though pro se litigants are generally offered wider latitude than those represented by an attorney . . . they are still required to follow the Federal Rules of Civil

Procedure."), *aff'd sub nom. Parker v. Com'r DeBuono*, 242 F.3d 366 (2d Cir. 2000). Rule 65(b)(1) provides that a TRO may be issued "without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Mr. King has not satisfied this high burden, as he did not demonstrate in his *ex parte* TRO filing, filed six days before his transport, why there was insufficient time for a hearing or a response from Defendants; and indeed, if Defendants were afforded a response, they could have represented that Mr. King was not due to be transported on the date in question. Mr. King's motion therefore must also be denied for failure to comply with Rule 65's strict requirements.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a temporary restraining order is DENIED. This resolves Dkt. No. 10.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Because Plaintiff is proceeding *pro se*, the Court will mail him a copy of this Order and note that mailing on the public docket.

SO ORDERED.

Dated: July 23, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

4