**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2020
```

SHARIF KING,

                                        Plaintiff,

                    -against-

CORRECTION OFFICER WHITE, et al.,

                                        Defendants.

-------------------------------------------------------------X

20-CV-4527 (AJN)(SN)

<u>ORDER GRANTING PRO
BONO COUNSEL</u>

**SARAH NETBURN, United States Magistrate Judge:**

    The Court directs that the Clerk of Court seek *pro bono* counsel to enter a limited

appearance for the purpose of conducting discovery in the above-captioned action. Counsel will

file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

    The *in forma pauperis* statute provides that the courts "may request an attorney to

represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases,

in civil cases, there is no requirement that courts supply indigent litigants with counsel. <u>Hodge v.

Police Officers</u>, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when

deciding whether to seek *pro bono* representation for a civil litigant. <u>Id.</u> Even if a court does

believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has

no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to

represent a litigant. <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 301–10

(1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore

request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order

to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989) (per curiam).

In Hodge, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including the litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Honorable Colleen McMahon granted on July 2, 2020. ECF No. 6. Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under 49 U.S.C. § 1983, alleging that the City of New York and a number of individual Defendants were deliberately indifferent to his medical

needs in violation of the Eighth Amendment. ECF No. 2. Plaintiff alleges that he suffers from epilepsy, which causes him to experience seizures. Id. at ¶¶ 17, 21. Plaintiff alleges that on November 12, 2019, he was transported from Downstate Correctional Facility to the Manhattan Detention Complex in the care of Captain Flemens. Id. at ¶ 15; ECF No. 18 (identifying John Doe #1 as Captain Flemens). Prior to being transported, Plaintiff asserts he informed Captain Flemens that he suffered from epilepsy and that he had not yet received his prescribed anti-seizure medication, and he requested to be seated within view of Captain Flemens and have his seat belt secured so that he would not be injured were he to suffer a seizure. ECF No. 2 at ¶¶ 17–22. Plaintiff asserts that his requests were denied, and that while en route to the Manhattan Detention Complex, he suffered a grand mal seizure. Id. at ¶ 23. Plaintiff alleges that as a result of this seizure, he suffered injuries to his back, arm, and shoulders, urinated on himself, and suffered continued loss of balance, severe dizziness, and loss of hearing out of his left ear. Id. at ¶¶ 25, 64–66. Upon his arrival at the Manhattan Detention Complex, Plaintiff alleges that the other defendants ignored his pleas for medical attention and a change of clothing. Id. at ¶¶ 27, 32–40. He further alleges Defendant ADW Glover failed to investigate the alleged events of November 12, 2019, and address Plaintiff's request for accommodations due to his medical needs. Id. at ¶¶ 67–70; ECF No. 37 (identifying defendant John Doe #4 as ADW Glover).

The Court finds that Plaintiff's claim is "likely to be of substance." Hodge, 802 F.2d 61–62. "Deliberate indifference to serious medical needs may be manifested by 'intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'" Randle v. Alexander, No. 10-cv-9235 (BSJ)(KNF), 2011 WL 1226228, at *1 (S.D.N.Y. Mar. 22, 2011) (quoting Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). Plaintiff alleges that Defendants denied him access to both the prescription medication he had been using

to treat his seizures and the additional treatment necessitated by the grand mal seizure he suffered while being transported to the Manhattan Detention Complex. Given the severity and specificity of Plaintiff's allegations, Plaintiff "appears to have some chance of success" as required by Hodge. See 802 F.2d at 60–61.

The Court finds that the other Hodge factors also weigh in favor of granting Plaintiff's application. As an inmate at the Great Meadow Correctional Facility, Plaintiff will have little opportunity to investigate the crucial facts. In addition, Plaintiff's claims center around whether the defendants exhibited a deliberate indifference to Plaintiff's risk of serious physical injury by not providing Plaintiff with his medication or medical attention, as well as the manner in which Plaintiff was transported to the Manhattan Detention Complex. Accordingly, this case will likely involve the cross-examination of Defendants, including at depositions, as well as complex legal issues, including those related to evidence about Plaintiff's medical condition. See ECF No. 2. Accordingly, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." Hodge, 802 F.2d at 61.

Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of conducting discovery. In addition, *pro bono* counsel may engage in settlement discussions. The Court will consider expanding the appearance for all purposes later in the case.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

*Pro bono* counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. In particular, *pro bono* counsel will not be required to respond to a dispositive motion. In the event that the defendants file a dispositive motion, *pro bono* counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by *pro bono* counsel of Plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      December 18, 2020
            New York, New York